USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-13-2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,

    -against-

Bernard Barnett,

        Petitioner.

------------------------------------x

90-cr-0913 (LAP)
19-cv-0132 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court are three motions submitted by Petitioner Bernard Barnett ("Petitioner" or "Barnett"): (1) Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 in Light of Johnson v. United States, 135 S. Ct. 2551 (2015)("Johnson Submission"), dated July 7, 2017 [dkt. no. 500]; (2) Motion for Review Extreme Sentence under the Holloway Doctrine ("Holloway Submission"), dated Nov. 7, 2017 [dkt. no. 510]¹; and (3) Motion for a Reduction of the Term of Imprisonment Based on Section 404 of the First Step Act of 2018, Pub. L. No. 115-391 § 404(b) (2018) ("FSA Motion" or "First Step Act Motion"), dated Mar. 25, 2019 [dkt. no. 525].²

---

¹ Barnett's Johnson Submission and Holloway Submission are jointly referred to as the "§ 2255 Motions."
² This Motion was initially filed erroneously by Petitioner in the form of a § 2255 motion. (See First Step Act Motion styled as § 2255 Motion, dated Jan. 2, 2019 [dkt. no. 517]). The Government first acknowledged Petitioner's Motion for Relief

1

The Government has filed separate opposition letters in response to Barnett's § 2255 Motions and to Barnett's FSA Motion. (See Letter Response in Opposition to Barnett's § 2255 motion ("Gov't § 2255 Opp."), dated Jan. 15, 2019 [dkt. no. 518];[3] Letter Response in Opposition to Barnett's First Step Act Motion ("Gov't FSA Opp."), dated Apr. 30, 2019 [dkt. no. 531]).

Upon review of the aforementioned materials, this Court finds that (1) Petitioners § 2255 Motions are denied in their entirety on procedural grounds; and (2) Petitioner is eligible under the First Step Act for a reduction of sentence on Count Three but is not eligible for a reduction of sentence on Count One, therefore resulting in no change in the life-sentence currently being served.

I.   Procedural History

On December 6, 1991, a jury found Barnett guilty of six counts: (1) conspiracy to distribute narcotics, in violation of

---

under the First Step Act in its response to Petitioner's § 2255 Motions. (See Letter Response in Opposition to Barnett's § 2255 motion ("Gov't § 2255 Opp."), dated Jan. 15, 2019 [dkt. no. 518], at 4 n.4)(acknowledging that Petitioner had submitted a Motion for Relief under the First Step Act, improperly submitted as a successive § 2255 Motion). For purposes of this Order, all references to the First Step Act Motion will be to dkt. no. 525.
[3] The Government submitted a previous Letter in Opposition to Barnett's Johnson Submission. (See Reply Memorandum in Opposition to Barnett's 2016 § 2255 Motion ("2016 Opp."), dated Aug. 11, 2017 [dkt. no. 503]). The jurisdictional arguments set forth therein were incorporated by reference into the Government's Opposition to Barnett's Holloway Submission. (See Gov't § 2255 Opp. at 2).

2

21 U.S.C. § 846; (2) possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A); (3) possession with intent to distribute cocaine-base, in violation of 21 U.S.C. § 841 (b)(1)(C); (4) the use of a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924(c); (5) possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1); and (6) maintaining a place to manufacture and distribute narcotics, in violation of 21 U.S.C. § 856(a)(1). See United States v. Barnett, 870 F. Supp. 1197, 1200 (S.D.N.Y. 1994).

Barnett was sentenced by the Honorable David N. Edelstein on August 13, 1992 to life imprisonment on Counts One and Three based on § 4B.1 ("Career Offender Provision") of the U.S. Sentencing Guidelines. See United States v. Barnett, No. 90-cr-913, 2001 WL 883119, at *1 (S.D.N.Y. Aug. 3, 2001).

In October 1993, the Court of Appeals affirmed Barnett's convictions by summary order and denied Barnett's first petition for relief pursuant to 28 U.S.C. § 2255. See United States v. Roberts, 9 F. 3d 1537 (2d Cir. 1993); see Barnett, 870 F. Supp. at 1210. Barnett has since accumulated "an extensive history of filing with this Court and other federal courts." Barnett v. United States, Nos. 11-cv-2736, 90-cr-913, 2012 WL 1003592, at *1 (S.D.N.Y. Mar. 26, 2012).

3

In 2006, when Barnett moved for the nineteenth time for an order authorizing this Court to consider a successive § 2255 motion, the Court of Appeals enjoined Barnett from filing "any further motions, petitions, or other papers in this Court, unless leave of the Court has first been obtained to file such papers." United States v. Roberts, No. 06-1702 (2d. Cir. Oct. 4, 2006). In April 2011, this Court barred Barnett from filing any future petitions or motions challenging his December 1991 conviction without leave from the Court. See Barnett v. United States, no. 11-cv-74, dkt. no. 7, at 3 (S.D.N.Y. Apr. 12, 2011).

After filing a successive petition for § 2255 relief in 2016, Barnett obtained leave to file an application with the Court of Appeals. (See dkt. no. 485). The Court of Appeals granted leave to file the successive motion and transferred the motion back to this Court for consideration. (Dkt. no. 487 (granting Barnett's motion to challenge his career offender status); see dkt. no. 488)(transferring the motion back to this Court)). The Motion is now pending before this Court. (See Johnson Submission). Barnett subsequently made additional filings in connection with this motion.[4] All pending motions are addressed below.

---

[4] See Motion to Remove any "Stay" of Adjudication "Suggested" in Court of Appeals Second Circuit Case Decision #16-3147 (Attached), as an Exhibit -and- Adhere to the Final Judgment Rule 52 Fed. R. Civ. P., dated Feb. 1, 2017 [dkt. no. 491];

4

II. Petitioner's § 2255 Motions

    a.    Barnett's Johnson Submission

In the Johnson Submission, Petitioner requests that his sentence be vacated because his conviction for New York first-degree robbery under New York Law in 1974 did not qualify as a predicate "crime of violence" under United States Sentencing Guidelines ("USSG" or "Guidelines") Section 4B1.1 (the Career Offender provision). (See Johnson Submission at 7; see also Gov't. 2016 Opp. at 6). Petitioner therefore asserts that the sentence imposed in 1992 violates the Due Process Clause. (See Johnson Submission at 7).

As explained below, this Court adopts the arguments put forth by the Government and holds that Barnett has failed to satisfy the procedural requirements of § 2255. The Motion is barred by the statute of limitations in 28 U.S.C. § 2255(f) and therefore cannot satisfy the restrictions on successive petitions found in 28 U.S.C. § 2255(h)(2). (See 2016 Opp. at 6, sec. A).

1. Barnett's Motion is Barred by the Statute of Limitations in § 2255(f).

---

Addendum Issues to the Pending § 2255 Motion, dated May 11, 2017 [dkt. no. 493]; Holloway Submission; Addendum Issue to the Files Sec. 3582(c)(2) Sentence Reduction Motion, dated Aug. 11, 2017 [dkt. no. 512]; and the First Step Act Motion.

5

Section 2255(f)(3) establishes a one-year statute of limitation, running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3)(2008).

Barnett asserts that the "right" which entitles him to relief and which makes his motion timely is the right to "not be sentenced under the unconstitutionally vague residual clause of the mandatory Career Offender Guideline . . . [a] right initially recognized on June 26, 2015 by the Supreme Court in Johnson." (Johnson Submission at 2-3) (internal quotations omitted). However, Johnson recognizes no such right. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague under the Due Process Clause. 135 S. Ct. 2551, 2557 (2015).

The sentencing enhancement which Barnett contests is Section 4B1.1, the Career Offender provision, of the then-mandatory Sentencing Guidelines, not ACCA. (Johnson Submission at 20.) Furthermore, "Barnett is not asserting a right which satisfies § 2255(f)(3) because the Supreme Court itself simply has not decided that the mandatory Guidelines are subject to vagueness challenge and that the residual clause in the

6

mandatory Guidelines is unconstitutionally vague." (2016 Opp. at 14.) Because the Supreme Court has not recognized the right on which Barnett relies, this Court finds that the § 2255 Motion is untimely.

2. Barnett's Motion Does Not Satisfy the Restrictions on Successive Petitions in § 2255(h)(2).

This Court additionally finds that Barnett's petition is successive and does not satisfy the restrictions in § 2255(h)(2). Section 2255(h)(2) requires that a defendant rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2) (2008). The Court of Appeals has expressly held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Herrera-Gomez v. United States, 755 F.3d 142, 145 (2d Cir. 2014) (per curiam) (quoting Tyler v. Cain, 533 U.S. 656, 663 (2001)); see also Gallagher v. United States, 711 F.3d 315, 315-16 (2d Cir. 2013) (per curiam). Because the Supreme Court has neither extended Johnson to the Guidelines nor made such an extension retroactive, Barnett cannot satisfy § 2255(h)(2).

This Court has the discretion to dismiss the motion after an evaluation of whether the requirements of § 2255(h)(2) have been met. See Bennett v. United States, 119 F.3d 468, 470 (7th

7

Cir. 1997) ("the district court [may] dismiss the motion that [the Court of Appeals] allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion"); see also In re Hubbard, 825 F.3d 225, 231 (4th Cir. 2016 (noting that the ultimate question of whether a Section 2255 motion meets the Section 2255(h)(2) requirement "is for the district court to determine.")(quoting In re Williams, 330 F.3d 277, 282 (4th Cir. 2003)). After review, this Court finds that the requirements have not been met.

3. Barnett Procedurally Defaulted His Vagueness Challenge to His Guidelines Sentence.

This Court finds that Barnett has procedurally defaulted a vagueness challenge to the mandatory Guidelines because he failed to raise a vagueness challenge at sentencing or on direct appeal. A procedural default may be excused only when "the petitioner shows (1) good cause to excuse the default and ensuing prejudice, or (2) actual innocence." Harrington v. United States, 689 F.3d 124, 129 (2d Cir. 2012). Barnett has neither established actual innocence in challenging a mandatory Guideline sentence nor cause for his default. See United States v. Foote, 784 F.3d 931, 941 (4th Cir. 2015); United States v. Jones, 758 F.3d 579, 583-84 (4th Cir. 2014); Gilbert v. United States, 640 F.3d 1293, 1306-07 (11th Cir. 2011)(en

8

banc)(rejecting the claim that the top of a mandatory Guidelines range "is the maximum statutory sentence"), overruled on other grounds by McCarthan v Director, 851 F.3d 1076 (11th Cir. 2017)(en banc); Bousley v. United States, 523 U.S. 614, 623 (1998)("futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time'")(quoting Engle v. Isaac, 456 U.S. 107, 130 n.35 (1982)). Accordingly, this Court rejects Barnett's motion on procedural grounds and does not reach the merits.

b. Barnett's Holloway Submission

The same arguments for denial of Barnett's Johnson Submission apply to his Holloway Submission. The motion is untimely under the statute of limitations in 28 U.S.C. § 2255(f), and his motion cannot satisfy the restrictions on successive petitions in 28 U.S.C. § 2255(h)(2).

In United States v. Holloway, 68 F. Supp. 310 (E.D.N.Y. 2014), the district court sought to mitigate the effect of three stacked sentences it had imposed pursuant the 18 U.S.C. § 924(c) twenty years earlier. The court explicitly acknowledged that there were "no legal avenues or bases for vacating" but nevertheless granted relief only with the acquiescence of the Government. Id. at 314-15.

Holloway does not create an independent avenue for relief, and the Government does not consent to Holloway relief in this

9

case. (§ 2255 Opp. at 5); see United States v. Erskine, No. 05-cr-1234, 2017 WL 10751237, at *3 (S.D.N.Y. Aug. 18, 2017)("As multiple district courts have recognized, Holloway was not intended to be doctrinal and is not binding on this or any other district court."); Acuna v. United States, No. 07-cr-00615, 2016 WL 3747531, at * 3 (D. Haw. July 8, 2016) ("The Government's approval is an essential element in granting relief under the Holloway decision."). In the absence of the Government's approval to grant such relief, Barnett's claim fails.

With respect to the myriad other claims presented by Barnett, this Court dismisses them for being repetitious. The arguments set forth regarding Barnett's 1992 sentence have all been litigated and denied in the past, and Barnett provides no valid reason for the Court to revisit its previous rulings. See United States v. Thorn, 446 F.3d 378, 383 (2d Cir. 2006) ("The law of the case doctrine counsels against revisiting [] prior rulings in subsequent stages of the same case absent cogent and compelling reasons."). Therefore, Barnett's Holloway Submission is denied.

III. Barnett's First Step Act Motion

In his First Step Act Motion, Barnett seeks relief from Counts One and Three of the Indictment for which he is currently serving concurrent life sentences. (FSA Motion at 1.) Count One of the Indictment charged Barnett with conspiracy to

10

distribute narcotics, in violation of 21 U.S.C. § 846. See Barnett, 870 F. Supp. at 1200. Count Three of the Indictment charged Barnett with possession with intent to distribute cocaine-base, in violation of 21 U.S.C. § 841 (b)(1)(C). See id.

This Court acknowledges, and the Probation Office agrees, that Barnett is eligible for a sentencing reduction on Count Three but is not eligible on Count One. Given that "§ 2(a) of the Fair Sentencing Act of 2010 increased the quantities of crack required to trigger § 841's penalties," a sentence of time served or 30 years' imprisonment would be the appropriate adjustment as to Count Three. (See FSA Motion at 6.) However, any reduction of sentence would be purely academic because Barnett remains subject to a life sentence on Count One. (See Gov't FSA Opp. at 5).

Judge Edelstein determined at sentencing that the record "amply supports the conclusion that the defendant personally negotiated in excess of one kilogram of heroin and 50 grams of Crack" and therefore the corresponding penalty was life imprisonment. (August 13, 1991 Sentencing Transcript, at 12). Barnett cannot obtain the relief he seeks on Count One through a motion for a sentence reduction under the First Step Act, which does not authorize a plenary resentencing or a reevaluation of the facts found at the time of conviction and sentencing. (See

11

United States v. Rivas, No. 04-cr-257, 2019 WL 1746392, at *8 (E.D. Wis. Apr. 18, 2019) ("The First Step Act does not expressly permit the court to conduct a plenary resentencing . . . it does not authorize the court to disturb [the sentencing judge's] conclusion[s]. . .")).

Furthermore, Barnett's base offense level under the USSG § 4B1.1 stays at 37, resulting in the same corresponding guideline range of 360 months to life imprisonment at criminal history category VI. (Gov't FSA Opp. at 4.) Accordingly, Barnett remains subject to a life sentence on Count One.

IV. Conclusion

Petitioner's First Step Act Motion [dkt. no. 525] is granted on Count Three and denied on Count One resulting in no change to the life sentence currently being served. Petitioner's § 2255 Motions [dkt. no. 517 and dkt. no. 500] are denied on procedural grounds without reaching the merits.

SO ORDERED.

Dated: New York, New York
January 13, 2020

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge