```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br><br>          -against-<br><br>BERNARD BARNETT,<br><br>                    Defendant. | 90 CR 913 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Mr. Barnett's motion for reconsideration of denial of compassionate release (the "Reconsideration Motion") (dkt. no. 606) and Mr. Barnett's pro se reply briefs dated September 2, 2021, September 7, 2021, and March 5, 2022, related to Mr. Barnett's pending First Step Act motion[1] (the "FSA Motion") (dkt. nos. 602, 603, 605).  The Government opposes these motions.  (See dkt. no. 608.)  Mr. Barnett replied to the Government's response on February 27, 2022.[2]  (See dkt. nos. 611,

---

[1] On June 30, 2021, Mr. Barnett filed a pro se motion following the Court of Appeals' vacatur of this Court's January 13, 2020 order denying Mr. Barnett's motion for a sentence reduction pursuant to the First Step Act.  (See dkt. no. 587.)  On July 27, 2021, Mr. Barnett's counsel filed supplemental briefs in support of Mr. Barnett's motion.  (See dkt. nos. 594, 595.)  On August 24, 2021, the Government opposed Mr. Barnett's motions.  (See dkt. no. 600.)  On September 7, 2021, Mr. Barnett's counsel filed a reply to the Government's response.  (See dkt. no. 601.)

[2] In his reply brief, Mr. Barnett "'agree[d]' with the Government that the reconsideration motion is null and void (premature), as a[n] appeal is pending for compassionate relief" and asked the Court to "drop/disregard" his Reconsideration Motion.  (Dkt. no. 612 at 2.)  The Court interprets Mr. Barnett's request as a voluntary withdrawal of his Reconsideration Motion (dkt. no. 606).  Thus, the Court does not adjudicate Mr. Barnett's Reconsideration Motion.

1

612.)  For the reasons stated below, the Court lacks jurisdiction to grant Mr. Barnett's fully briefed FSA Motion.

On September 17, 2021, Mr. Barnett filed a pro se notice of appeal from the Court's order denying his motion for compassionate release.[3]  (See dkt. no. 604.)  In accordance with the Court of Appeal's October 2006 order imposing a leave-to-file sanction on Mr. Barnett[4], on October 25, 2021, Mr. Barnett filed a motion for leave to appeal.  (See dkt. no. 13 in United States v. Roberts (Barnett), No. 21-2319.)  The Court of Appeals granted Mr. Barnett's motion on January 13, 2022.  (See dkt. no. 21 in Roberts (Barnett), No. 21-2319.)

Because Mr. Barnett's appeal from the Court's order denying his motion for compassionate release (see United States v. Roberts (Barnett), No. 21-2319) remains pending, this Court lacks jurisdiction to grant Mr. Barnett's FSA Motion.  A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case

---

[3] In his notice of appeal, Mr. Barnett states, "Petitioner received double life for 2 ounces of crack cocaine.  Count 1 & 3 were life terms for same exact 62 grams of crack.  "Double jeopardy" counts.  Then at a First Step Act resentence one life vacated, the other run consecutive in violation of "ex post facto" law of legally not getting a greater sentence, due to a[n] appeal!  This not a First Step Act motion, but relates to this compassionate release denial, as that denial based on drug amounts not in existence."  (See dkt. no. 604 at 4.)  Because Mr. Barnett raises arguments regarding his FSA Motion in his appeal of the Court's order denying his motion for compassionate release, the Court considers whether the Court has jurisdiction to grant either his Reconsideration Motion or his FSA Motion.
[4] See Barnett v. United States, 2d Cir. 06-1702.

2

involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  This rule applies in criminal cases.  See Berman v. United States, 302 U.S. 211, 214 (1937); United States v. Katsougrakis, 715 F.2d 769, 777 (2d Cir. 1983). The Court finds that none of the exceptions to this rule are applicable here because Mr. Barnett's FSA Motion seeks the Court to modify his judgment of conviction substantively.  See United States v. Ransom, 866 F.2d 574, 575-76 (2d Cir. 1989) (noting that after a defendant files a notice of appeal, the district court is precluded from "substantive modifications of judgments").  The Court agrees with the Government that a potential order granting Mr. Barnett's motion to "reduce the term of imprisonment" pursuant to 18 U.S.C. § 3582(c)(1)(A), or "impos[ing] a reduced sentence" pursuant to the FSA, would be a substantive modification of judgment.  (See dkt. no. 608 at 4.) Accordingly, this Court lacks jurisdiction to grant Mr. Barnett's FSA Motion while his appeal remains pending.

Federal Rule of Criminal Procedure 37 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  Fed. R. Crim. P. 37(a). The Court declines to issue an indicative ruling at this stage.

3

For the reasons stated above, the Court lacks jurisdiction to grant Mr. Barnett's FSA Motion while Mr. Barnett's appeal (see United States v. Roberts (Barnett), No. 21-2319) remains pending. (See dkt. nos. 587, 603.)  However, the Clerk of the Court shall close Mr. Barnett's Reconsideration Motion (dkt. no. 606[5]).  The Clerk of the Court shall mail a copy of this order to Mr. Barnett.

**SO ORDERED.**

Dated:    March 15, 2022
            New York, New York

                                            *Loretta A. Preska*
                                        LORETTA A. PRESKA
                                        Senior United States District Judge

---

[5] Mr. Barnett voluntarily withdrew his Reconsideration Motion.  (See dkt. no. 612.)