MANDATE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: _9/2/2026 _

24-2704-cr
*United States v. Barnett*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-six.**

PRESENT:
JOSEPH F. BIANCO,
STEVEN J. MENASHI,
*Circuit Judges*,
ANTHONY J. BRINDISI,
*District Judge.*[*]

---

UNITED STATES OF AMERICA,

*Appellee*,

v. 24-2704-cr

JUSTINE ROBERTS, WARNER BOYD, CLEMENTINE ROBERTS, RONALD LOVE, FRANK CONSTANZ, ANTONIO HENDRICKSON, AKA ANTONIO HENDRICKS, AKA TONY, GARY CARSWELL, TIMOTHY FRAZIER, DARLENE COHEN, KATHERINE BOYD, DERRICK JACKSON, VANESSA CARTER, JUDY SMITH, SHAKIMA PAGAN, MICHAEL HUNTER,

[*] Judge Anthony J. Brindisi, of the United States District Court for the Northern District of New York, sitting by designation.

MANDATE ISSUED ON 09/02/2026

*Defendants*,

BERNARD BARNETT,

*Defendant-Appellant*.

---

| | |
|---|---|
| FOR APPELLEE: | Lauren E. Phillips, Michael D. Maimin, Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | Bernard Barnett, *pro se*, Terre Haute, Indiana. |

Appeal from an order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on December 7, 2023, is **AFFIRMED**.

Bernard Barnett, proceeding *pro se*, appeals from the district court's order denying his 18 U.S.C. § 3582(c)(1)(B) motion for a sentence reduction pursuant to Section 404(b) of the First Step Act. In 1992, Barnett was convicted of six narcotics and firearms charges, including a conspiracy to distribute heroin, cocaine, and cocaine base (Count One) and possession with intent to distribute cocaine base (Count Three). The jury returned a general verdict on the conspiracy charged in Count One and did not make specific findings as to which drug(s), or in what amount(s). At sentencing, the district court found that the evidence at trial demonstrated that the conspiracy involved more than one kilogram of heroin and 50 grams of cocaine base. The district court determined that Barnett was a career offender under the United States Sentencing Guidelines, with

a range of 360 months to life imprisonment, and sentenced him principally to concurrent terms of life imprisonment on Counts One and Three, with lesser concurrent terms on the remaining counts.[1] Barnett repeatedly sought post-conviction relief, resulting in the imposition of leave-to-file sanctions in the district court and in this Court.

In 2019, Barnett—through counsel—moved under Section 3582(c)(1)(B) to reduce his sentence on Counts One and Three pursuant to Section 404(b) of the First Step Act. Barnett was then nearly 66 years old and had served 28 years in prison. In denying Barnett's motion, the district court concluded that only Count Three was a covered offense under the First Step Act, and reasoned that a sentence reduction would be "purely academic" because Barnett would remain subject to a life term on Count One. *See United States v. Barnett*, No. 90-CR-913 (LAP), 2020 WL 137162, at *4 (S.D.N.Y. Jan. 13, 2020). On appeal, a panel of this Court vacated the decision and remanded the case for consideration of whether the pre-*Apprendi* nature of Barnett's conviction meant that Count One was also a covered offense under the First Step Act and, if so, whether the district court should exercise its discretion to reduce his sentence under the First Step Act. *See United States v. Roberts*, No. 20-1296, 2021 WL 1564452 (2d Cir. Mar. 10, 2021) (motion order).

On remand, the district court concluded that both Counts One and Three were "covered offenses," but declined to reduce Barnett's life sentence after considering the sentencing factors under 18 U.S.C. § 3553(a). *See generally United States v. Barnett*, No. 90-CR-913 (LAP), 2023

[1] The district court also sentenced Barnett to a consecutive five-year term of imprisonment for his conviction under 18 U.S.C. § 924(c), but that count that was later vacated.

WL 8470910 (S.D.N.Y. Dec. 7, 2023). The district court declined to consider Barnett's *pro se* submissions because he was represented by counsel, but also ruled that, in any event, they were meritless. *Id.* at *3–4. On appeal, Barnett principally argues that the district court abused its discretion in denying a sentence reduction.

We review the denial of a motion for a discretionary sentence reduction for abuse of discretion. *United States v. Moore*, 975 F.3d 84, 88 (2d Cir. 2020). In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

The Fair Sentencing Act of 2010 increased the quantities of crack cocaine necessary to trigger the five- and ten-year mandatory minimum sentences mandated by 21 U.S.C. § 841(b)(1)(A)–(B). *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). "[T]he Fair Sentencing Act did not apply retroactively to defendants sentenced before the Act became effective." *United States v. Martin*, 974 F.3d 124, 131 (2d Cir. 2020). However, under Section 404(b) of the First Step Act, a district court "may, on motion of [a] defendant, . . . impose a reduced sentence" for a "covered offense" as if these provisions of the Fair Sentencing Act were in effect at the time the covered offense was committed. Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). "A district court considering a motion for a sentence reduction under the First Step Act must conduct a two-part inquiry." *Moore*, 975 F.3d at 89. "First, the court must determine whether the defendant is eligible for a reduction."[2] *Id.* "Second, if the defendant is eligible, the court

[2] Here, the parties do not dispute that the district court correctly determined that Barnett was eligible for a reduction on both Counts One and Three.

must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *Id.* At the second step, "a district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence." *Id.* at 92 n.36. For example, "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*, 597 U.S. 481, 500 (2022). It may also consider the Section 3553(a) factors typically applicable at sentencing. *See United States v. Moyhernandez*, 5 F.4th 195, 205 (2d Cir. 2021) (explaining that the Section 3553(a) factors are "sound guiding principles" that "may often prove useful" in ruling on a motion for a sentence reduction under the First Step Act), *vacated on other grounds*, 142 S. Ct. 2899 (2022) (mem.) (vacating in light of *Concepcion*).[3] Finally, appellate review of the district court's exercise of its discretion at the second step is "deferential" and "should not be overly searching." *Concepcion*, 597 U.S. at 501.

Here, we conclude that the district court did not abuse its discretion in denying Barnett's motion for a sentence reduction. After correctly determining that Barnett was eligible for a sentence reduction, *see Barnett*, 2023 WL 8470910, at *5, the district court proceeded to consider whether to exercise its discretion to reduce his sentence. In doing so, the district court properly considered the Section 3553(a) factors. In particular, the district court considered "[t]he serious nature of [Barnett's] convictions, his extensive criminal history, his failure to accept responsibility

[3] *See also United States v. Moyhernandez*, No. 23-7964-CR, 2024 WL 4637686, at *1–2 (2d Cir. Oct. 31, 2024) (summary order) (discussing the procedural history of *Moyhernandez* and affirming the district court's denial of the defendant's motion for a sentence reduction and its weighing of the Section 3553(a) factors after the Supreme Court's vacatur in light of *Concepcion*).

for his criminal conduct in this case, and his attempt to obstruct justice at his trial through eliciting perjured testimony." *Barnett*, 2023 WL 8470910, at *5. Moreover, given Barnett's age at the time he committed the offenses of conviction (nearly 40 years old) and the fact that he committed those offenses while on parole from a prior ten-year sentence, the district court concluded that he still "presents a risk of recidivism" and "remains a danger to the community." *Id.* at *5–6. The district court also considered the mitigating fact that Barnett "has suffered a condition requiring surgery" and expressed that it was "sympathetic" to his health condition. *Id.* at *6. However, it noted that the Bureau of Prisons seemed "to be treating it effectively" and ultimately concluded that the aggravating Section 3553(a) factors outweighed the mitigating ones. *Id.* In short, we discern no abuse of discretion in the district court's weighing of the Section 3553(a) factors in this manner.

Barnett's arguments to the contrary are unpersuasive. As an initial matter, most of Barnett's arguments on appeal recast his earlier arguments in his motion under 28 U.S.C. § 2255 and numerous other motions filed in the district court over many years. *See, e.g.*, Appellant's Br. at 4 (arguing that his initial sentence was "illegal[]" because the district court made factual findings outside "the trial jury verdict"); *id.* at 7–8 (arguing that his sentence on both a narcotics conspiracy count and a substantive narcotics count constituted a Double Jeopardy violation); *see also id.* at 5 (recognizing that he had raised these issues "repeatedly 19 plus times over 22 years"). However, "arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors. Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255." *United States v. Amato*, 48 F.4th

61, 65 (2d Cir. 2022). Having had these arguments rejected by the district court in connection with its denial of his Section 2255 motion, *see Barnett v. United States*, 870 F. Supp. 1197 (S.D.N.Y. 1994), as well as in its denials of his numerous other motions, *see Barnett*, 2023 WL 8470910, at *4 (listing some of Barnett's prior motions), Barnett cannot seek to resurrect those same arguments in this motion for a sentence reduction under Section 3582.

Next, although Barnett argues that the district court "ignored" this Court's remand order instructing the district court to consider whether the pre-*Apprendi* nature of Barnett's conviction affected whether his Count One offense was covered under the First Step Act, *see* Appellant's Br. at 6, we disagree. The district court correctly determined that Barnett's Count One offense was covered under the First Step Act, and then proceeded to determine whether to exercise its discretion to grant a sentence reduction, in accord with this Court's instructions. *See Roberts*, 2021 WL 1564452, at *1 ("On remand, the district court should consider if the pre-*Apprendi* nature of Appellant's conviction affects whether his offense is covered under the First Step Act. *If the district court determines that Appellant is eligible for a sentence reduction, it should then determine whether it will grant the reduction*.") (emphasis added). Furthermore, the district court addressed Barnett's renewed "argu[ments] that the general jury verdict . . . rendered his conviction jurisdictionally infirm" and "summarily dismissed" them. *Barnett*, 2023 WL 8470910 at *4.

Finally, to the extent that Barnett challenges the district court's weighing of the Section 3553(a) factors, *see, e.g.*, Appellant's Br. at 4 (arguing that he had "worked diligently to change [his] mindset and [his] criminal conduct"), that does not present a reason for this Court to disturb the district court's decision. We have emphasized that we do not require "that a particular [Section

3553(a)] factor be given determinative or dispositive weight" because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks and citation omitted). Thus, Barnett's "[m]ere disagreement with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (internal quotation marks and citation omitted).

In sum, we conclude that the district court did not abuse its discretion in denying Barnett's motion for a sentence reduction under the First Step Act.[4]

* * *

We have considered Barnett's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] To the extent Barnett also argues that the district court erred by declining to consider his *pro se* submissions, *see* Appellant's Br. at 8, we again disagree. A defendant has "no right to 'hybrid' representation in which he is represented by counsel but supplements his lawyer's work with selected pro se submissions." *United States v. Hage*, 74 F.4th 90, 93 (2d Cir. 2023). Here, Barnett was represented by counsel throughout his First Step Act proceedings in the district court, and therefore the district court did not err in refusing to consider them. *See, e.g.*, *United States v. Morillo*, 757 F. App'x 71, 72 n.1 (2d Cir. 2019) (summary order) ("[T]he [d]istrict [c]ourt was under no obligation to accept a *pro se* submission where . . . the defendant was represented by counsel."). In any event, the district court alternatively held that the *pro se* submissions were without merit, and we find no basis to disturb that determination. Finally, to the extent Barnett asserts that the district court was biased against him, *see* Appellant's Br. at 3–5, we are again unpersuaded because "earlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality," *United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 2002), and nothing more is present in the record here.



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit