IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

BERNARD BARNETT,

Petitioner pro se,

C.A. # 24-2704

v.

District Court # 90-CR-913(S5)

UNITED STATES OF AMERICA,

Respondent.

---

MOTION UNDER FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 35(A)(B) CORRECTION OR REDUCTION OF AN ILLEGAL SENTENCE

U.S. COURT OF APPEALS SECOND CIRCUIT 2024 OCT 28 PM 2:17 RECEIVED

---

A) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

B) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion **within 120 days after the sentence is imposed or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order** or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment conviction, sentence, or probation revocation. The court shall determine the motion within a reasonable time.

See Van Hook v. United States, 365 U.S. 609, 81 S.Ct. 823, 5 L.Ed.2d 821 (1961), and Heflin v. United States, 358 U.S. 415, at 418, 422, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).

An appeal court may apply Rule 35 to "any" illegal sentence, not to any illegal conviction. Under Rule 35, Federal Rules of Criminal Procedure, the court may correct an illegal sentence or a sentence imposed in an illegal manner, or may reduce the sentence. This remedy should be used, rather than a motion under § 2255 whenever applicable.

A motion to reconsider Rule 35(A)(B) under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, suspended decisions finality and extended time to appeal because First Step Act's authorization to reduce a sentence does not rest on this rule but is a matter of retroactive legislation as to which 18 U.S.C. § 3582 permits sentence reduction. See United States v. Hible, 13 F.4th 647, 2021 U.S. App. LEXIS 27548 (7th Cir. 2021).

The above applies to Rule 35 (A)(B). This is a First Step Act resentence direct appeal brief for denial to correct an illegal sentence filed on October 15, 2026, four months ago on June 24, 2026. The Court of Appeals for the Second Circuit, Southern District of New York, Manhattan Division, denied this First Step Act appeal. The 120-day rule to file a Rule 35 in this case at bar started June 24, 2026, and ended four months later (120 days). Thus, October 24, 2026, is the deadline for this instant case, which Petitioner has 1,000% legally met.

Attached exhibits are legal proof of the issues presented have extreme 100% legal merit to reduce the sentence to (1) time

served, and (2) no supervised release:

A) The trial indictment

B) Judgment/Commitment Order

C) C.A. 2nd Circuit en banc motion

D) Summary Judgment #24-2704 2nd Circuit Court of Appeals

E) Federal Public Defender letter dated March 25, 2019

F) Prosecutor letter to court dated August 24, 2021

G) Motion to Recall the Mandate #24-2704

PROCEDURAL HISTORY OF ISSUES

Petitioner's indictment charged him with six counts in 1992. Petitioner went to trial (jury) and was convicted of all six (6) counts. His sentence was life (Counts 1 & 3), 30 years, 10 years, 20 years, and 5 years, all to run concurrent to one life sentence for all counts.

In December of 2018, the First Step Act reduced his Count 3 Life to "time served." Petitioner had served 31 years at his FSA resentencing date. His Judgment & Commitment order stated one life term for "all" six counts running "concurrent." The judge then broke the law and said count (1) life now "consecutive," after 30 years concurrent.

This violated the Ex Post Fact law to give greater punishment 30 years later. Thus, Petitioner was sentenced in 2021 and 2023. In 2021, life was refuced to time-served for all concurrent counts, then turned into another new life term starting in 2021.

Also, all laws on the date of resentencing are law the law to follow. In 2021 and 2023, Supreme Court cases of Apprendi, Alleyne, and Booker/FanFan were the law. Each one "alone" would

have released the Petitioner. Additionally, the First Step Act law of 2018 reduced life to a 25-year maximum. This released the Petitioner. A perusal of the Court of Appeals' summary denial order reveals that it 100% ignored all of the pro se submitted issues. Then a perusal of the en banc motion/petition exhibits will explain how the law was circumvented and ignored. All issues are explained in full in the attached exhibits.

This Petitioner's Count 1 was a general jury conviction since 1992 and illegally circumvented in 19 denial orders by the district court judge: Loretta Preska.

Count 1 was double jeopardy, as Count 1 and Count 3 life terms were for the same exact drugs; both give life terms "concurrent." Then, 30 years later, ran "consecutive" illegally.

The supervised release term is illegal as "generally given." The judge at sentencing said 10 years for all counts, illegally. Each count must be a separate sentence.

Finally, under General Jury Verdict law violation, no drug amounts or type of drug exists under 21 U.S.C. § 841(a)(b)(c) or (d) to warrant supervised release.

## CONCLUSION

Petitioner's sentence is illegal as the law does not support it or a supervised release sentence. Violated was:

1) Ex Post Facto law violated;

2) The law in effect on date of resentencing under First Step Act was 100% ignored two times (2021 & 2023);

3) The First Step Act new law reducing life to 25 years was 100% ignored;

4) No supervised release legally possible;

5) General Jury Verdict violation ignored for 36 years illegally and surpassed; and,

6) On First Step Act appeal to Court of Appeals, Second Circuit, the pro se issues were circumvented illegally and ignored in total.

Petitioner must be released immediately.

Respectfully submitted (pro se),

Dated: Oct 4, 2026

Bernard Barnett

Bernard Barnett
Register No. 04941-054
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808-0033

RECEIVED
2026 OCT 28 PM 2:10
U.S. COURT OF APPEALS
SECOND CIRCUIT

BERNARD BARNETT #04941-054
BOX 33 (USP-~~TERRE~~ HAUTE) UNIT (B2)
TERRE HAUTE, INDIANA 47808

CERTIFIED MAIL®

9589 0710 5270 0338 2762 97




CLERK OFFICE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT (SOUTHERN DISTRICT OF NEW YORK) MANHATTAN
40 FOLEY SQUARE
NEW YORK, NEW YORK 10007

C.A. #24-2704
S.D.N.Y.